**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KYLE BOWEN,

Plaintiff,

v.

No. 1:26-CV-963
(MAD/PJE)

RENSSELAER COUNTY,

Defendant.

**APPEARANCES**:

Kyle Bowen
20 Clermont Street
Albany, New York 12203
Plaintiff pro se

## REPORT-RECOMMENDATION & ORDER

Plaintiff pro se Kyle Bowen[1] commenced this action on April 30, 2026, with the filing of complaint and motion for leave to proceed in forma pauperis ("IFP"). *See* Dkt. Nos. 1, 2. On May 20, 2026, plaintiff filed an amended complaint, which is the operative pleading. *See* Dkt. No. 5 ("Am. Compl.").

After review of plaintiff's IFP application, the undersigned concludes that he financially qualifies to proceed IFP in this matter. *See* Dkt. No. 4. Plaintiff is advised that the granting of IFP status does not excuse him from full financial responsibility for

[1] Here, "[p]laintiff's complaint sounds in the familiar refrain of the so-called sovereign citizen." *Aran v. Dep't of Treasury & Internal Revenue Serv.*, No. 21-CV-04748 (EK/LB), 2022 WL 377957, at *3 (E.D.N.Y. Feb. 8, 2022). Plaintiff's original complaint is signed "Kyle of the Family Bowen" and states that "Defendant issued a 42 U.S.C. 8539p) order against the legal name ALL CAPS NAME on the [social security card which under the policy is positively identified by the SSN." Dkt. No. 1. at 6.

all other costs and fees he may incur in this matter.[2] As the undersigned has granted plaintiff's IFP application, review of his amended complaint pursuant to 28 U.S.C. §1915(e)(2), 28 U.S.C. § 1915A is required.[3]

## II. **Legal Standards**[4]

28 U.S.C. § 1915 provides that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action." *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).[5]

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted). As the Second Circuit stated,

> our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro

---

[2] This includes, but is not limited to, copying, transcription, and witness fees where applicable.

[3] Despite the statutory language referring to incarcerated individuals, these requirements apply equally to non-prisoner pro se litigants seeking to proceed in forma pauperis. *See* N.D.N.Y. L.R. 72.3(d) ("Unless the Court orders otherwise, any civil action that a non-prisoner pro se litigant commences shall be referred to a Magistrate Judge for the purpose of review under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A when an application to proceed in forma pauperis is filed.").

[4] Other than cases in which plaintiff was a party, the Court will provide plaintiff pro se with copies of unpublished decisions cited herein. *See Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[5] A court's initial screening of a complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) does not preclude a later dismissal pursuant to Rule 12(b)(6)." *Tisdale v. Hartley*, 442 F. Supp. 3d 569, 572-73 (W.D.N.Y. 2020).

> se status does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .

*Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted)*; see also Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir. 2008). Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Special solicitude is not unlimited as "the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Wynder v. McMahon*, 260 F.3d 73, 79 n.11 (2d Cir. 2004) (citing *Scutti Enters., LLC v. Park Place Entm't Corp.*, 322 F.3d 211, 217 (2d Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(2) (providing that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief," "a short and plain statement of the grounds for the court's jurisdiction . . . and . . . a demand for the relief sought . . . ."). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations

omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (citations omitted).

## II. Plaintiff's Amended Complaint[6]

Plaintiff's amended complaint is devoid of many facts and is, at points, difficult to comprehend. *See generally* Am. Compl. Plaintiff refers to "the 42 U.S.C. § 504 identification policy of the United States" as a "number identity policy", pursuant to which Defendant Rensselaer used his social security number "to fraudulently establish my identity." *Id.* at 1-2.

Plaintiff contends, "[b]ased on the policy of an independent contractor of the Rensselaer County Family Court . . . in return for a payment from the DCSE[7] in the executive branch issued a 42 U.S.C. § 653(p) order against the legal name on the social security card under which the policy is positively identified by the SSN." *Id.* at 2. Plaintiff provides that "this created a certificate of indebtedness rendering a judgment that resulted in an in-rem lean against the SSA's property which pursuant to 18 U.S.C. 8

---

[6] Plaintiff's original complaint in this action sought to sue Eileen Stack and Frank Bisignano. *See* Dkt. No. 1. Plaintiff filed an amended complaint as of right. The Amended Complaint did not name Stack or Bisignano and names only Rensselaer County as a defendant. See Am. Compl. at 1. An amended complaint supersedes and replaces the original complaint in its entirety. The undersigned also observes that in the caption of the amended complaint, plaintiff lists "Rensselaer." *See id.* In the "parties to the complaint, section," plaintiff names "Rensselaer County New York." *Id.* In plaintiff's proposed summons, he lists the defendant as Rensselaer County. *See* Dkt. No. 5-2. The undersigned will refer to this defendant as Rensselaer County as review of plaintiff's submissions, collectively, make it clear that plaintiff intends to sue Rensselaer County. Plaintiff's "notice" appended to his amended complaint "requests that all factual allegations, constitutional claims, exhibits, and relief previously set forth in the original Complaint remain fully incorporated and unchanged *unless specifically modified by the amended pleading*." Dkt. No. 5-1 (emphasis added). Plaintiff "specifically modified" his complaint to name only Rensselaer County, making clear he wishes to proceed against the County as the sole defendant. Regardless, even if plaintiff had intended to proceed against Stack, Bisignano, *and* Rensselaer County, the undersigned's analysis of the underlying claims would not change. The amended complaint is otherwise nearly identical to the original complaint. Out of special solicitude to plaintiff pro se,, the under will consider the exhibits appended to the original complaint during the review of the amended complaint.

[7] Although plaintiff does not define this acronym, context suggests plaintiff is referring to the Division of Child Support Enforcement.

is the obligation or other security of the United States." *Id.* Plaintiff contends, under 20 C.F.R. § 422.103(d), social security numbers "cannot be used as evidence of my identity or used to establish my identity." *Id.* "It is not to be accepted in domestic offices *e.g.*, IV-D agency, as proof of an identity document." *Id.* Plaintiff contends, "[t]he COUNTY unlawfully exacted Plaintiff's honestly acquired assets and used other coercion by asserting false claims and false deceptive forms pertaining that 18 U.S.C. § 8 obligation." *Id.*

Plaintiff contends that "The Title IV-D plan required the COUNTY pursuant to 45 C.F.R. § 302.20 to falsely advertise the availability of 'child support services' on the fact of https://www.rensco.com/338/Child-Support." Am. Compl. at 3. Plaintiff identifies the "false advertisements" as the following statements on the website: "establishment and enforcement of court ordered support," "Rensselaer County provides services to pursue the support," "child support monies, and enforcement of existing child support orders", "child support monies, and enforcement of existing child support orders." *Id.* Plaintiff contends that defendant falsely advertised that "'the purpose of the child support enforcement program is designed to strengthen families'" which "falsely describes and represents it is in fact for children knowing full well that it was fashioned from 42 U.S.C. § 658(a) incentive profits rather than the needs of any particular child(ren) have been satisfied." *Id.* at 3. Plaintiff cites 42 U.S.C. §§ 666(a)(3)(c),[8] (a)(13)(b)[9] and, although

---

[8] As relevant here, this portion of the statute requires states to have procedures to intercept tax refunds of noncustodial parents whose child support payments are in arrears. *See* 42 U.S.C. § 666(a)(3)(c)

[9] As relevant here, this portion of the statue requires states to establish procedures that establish that the social security number of any individual subject to an order of child support is recorded in the relevant records. *See* U.S.C. § 666(a)(13)(b).

unclear, it appears that he is arguing that the enforcement of these statutory provisions violates his constitutional rights. Am. Compl. at 2, 4, 5.

Plaintiff contends that defendant's conduct also violated 15 U.S.C. § 52(a) insofar as the "local partnership" "disseminate[d], and caused to be disseminated, the false advertisement of child support services, through Rensselaer County." Am. Compl. at 3. Plaintiff contends that the dissemination of these "false ads" of child support/IV-D "services" "affect[ed] commerce" and "encroach[ed] upon my life, liberty, and my pursuit of happiness, the deprivation of my rights, resulting in significant financial losses, and emotional distress." *Id.*

In sum, plaintiff contends that defendant's conduct violated (1) "31 U.S.C.§ 3729 The False Claims Act (1)(2)(A)"; (2) 15 U.S.C. §1692j(a); and (3) the First, Fourth, Fifth, and Thirteenth Amendments. Am. Compl. at 4-5. As to the alleged First Amendment violation, he contends that defendant violated his right "not to associate with the IV-D agency or its contractors, and my right not to participate in a federally funded program against my will" and "compelled me to be a party of a 42 U.S.C. §654(3) organizational unit and support its § 651 purposes to which I belligerently disagreed with the officious intermeddling by Defendants agency and its contractors[.]" *Id.* at 4. He next contends "[t]he number identity policy" violated his Fourth Amendment rights because defendant "us[ed] the SSA's property[10] to conduct unreasonable searches and seizures of my financial and other assets I honestly acquired registered under the number without my knowledge." *Id.*

---

[10] It appears, in referring to the SSA's property, plaintiff is referring to social security numbers/social security card. *See* Am. Compl. at 4.

Plaintiff contends "the number identification policy," Am. Compl. at 5, also violated his Fifth Amendment rights because "the use of the number was incriminating by operation of law . . . because use of the SSN circumvented all rights against self-incrimination without due process of law[.]" *Id.* at 4. Plaintiff contends that defendant violated the Thirteenth Amendment because "the number identification policy . . . was used to establish my identity as 20 C.F.R. § 422.103(d) property, which confers slavery without punishment for crime by which Plaintiff Kyle has never been duly convicted[.]" *Id.* at 5. Plaintiff contends that he was forced to "labor against my will so that Defendant could exact my assets, or face imprisonment and other punishment for failing to do so[.]" *Id.*

Plaintiff states, "[b]ased on vertical stare decisis of *Blessing v. Freestone*, 520 U.S. 329 (1997) and *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978)", he seeks the following relief: (1) this Court to order "Rensselaer County to terminate unsolicited 45 C.F.R. § 309.05IV-D services with zero arrears, and removal of any negative reports against my credit history," (2) this Court to order Rensselaer County "to stop publicly advertising 'child support,' 'child support orders' child support Enforcement" on their website and "require them to advertise its 45 C.F.R. § 301.1 definition IV-D agency which pursuant to 45 C.F.R. §309.05 definition sells IV-D services"; (3) this Court to order Rensselaer County to "advertise" on its website that "the customer and his/her children have no rights or entitlement to IV-D services and that they are not the intended beneficiaries of the IV-D of the Act"; (3) "[a]ward Plaintiff a full refund of $80,000.00, wit 6% interest of $4,500.00 totaling $84,500.00 under the officious intermeddler doctrine"; (5) $1,500,000.00 in "compensatory, punitive, and other

damages"; (6) and award "reasonable legal fees, expenses, and costs of litigation pursuant to 42 U.S.C. § 1988 as the prevailing party." Am. Compl. at 5.

## III. **Initial Review**[11]

Reading the amended complaint liberally and with special solicitude, plaintiff seeks to challenge the garnishment of his wages or benefits[12] for child support. *See generally* Am. Compl. Plaintiff's claims that social security numbers may not be used to identify people to hold them liable for child support payments. He bases this belief, and all in his amended complaint, on in his flawed interpretation of Supreme Court precedent reviewing title IV-D, stating that child support benefits do not benefit children, and, therefore, cannot be enforced. Plaintiff appears to ground all claims in section 1983, suggesting that either the violation, or the existence, of the various cited statutes violated various constitutional rights. *See generally* Am. Compl. More specifically, as best as can be discerned, he argues that (1) requiring him to pay child support and the garnishing of his wages for child support benefits violates the First,[13] Fourth, Fifth, and

---

[11] Plaintiff commenced a similar action in 2024, against a support magistrate, private attorneys/law firm, a conflict defender, the Child Enforcement Unit of Rensselaer, the Rensselaer County Clerk, and the State of New York arguing, among other things, that his Fourth and Fourteenth Amendment rights were violated in connection with orders relating to, and the enforcement of, child support. The Court dismissed the action, determining that it was barred (1) by the *Rooker-Feldma*n Doctrine, (2) judicial immunity, (3) failure to plead against the municipality pursuant to *Monell*, (4) absence of state actors as to his claims against private attorneys, and (5) the inapplicability of 28 U.S.C. § 1691 due to the absence of any proceedings in federal court. *See Bowen v. Gordon*, No. 1:24-CV-114 (LEK/DJS), 2024 WL 2053155, at *1 (N.D.N.Y. Feb. 20, 2024), *report and recommendation adopted*, No. 124CV114LEKDJS, 2024 WL 1826595 (N.D.N.Y. Apr. 26, 2024). In June 2025, plaintiff also improperly removed an action, in which he was the defendant, relating to child support from Rensselaer County Family Court to this District. The Court, noting that the domestic relations abstention doctrine divests this Court of subject matter jurisdiction over such matters, remanded the matter back to the family Court. *See* 1:25-CV-759 (LEK/DJS), *Welch v. Bowen*.

[12] Plaintiff's amended complaint does not make completely clear whether plaintiff's wages or benefits were garnished; however this fact does not impact the analysis.

[13] Although plaintiff's amended complaint has two counts that state that defendant violated the Fourth Amendment, it appears likely that plaintiff intended count three to state a First Amendment violation. *See* Am. Compl. at 4 ("The number identification policy violated Plaintiffs' (sic) First Amendment rights not to associate with the IV-D agency or its contractors, and my right not to participate in a federally funded program against my will.").

Thirteenth Amendments; (2) Rensselaer County violated 31 U.S.C. § 3729(a)(2)(A) of the False Claims Act insofar as it "knowingly made, used, and caused to be made and used, false 42 U.S.C. §666(a)(13)(b) records and statements material to the false and fraudulent claims"; (3) Rensselaer County violated 15 U.S.C. § 52(a) insofar as it disseminated false advertisements for "child support services" from a "local partnership" on its website, contending that these statements are false because Title IV-D was not intended to benefit the child or custodial parent; and (4) Rensselaer County violated 15 U.S.C. § 1692j(a) insofar as it furnished fraudulent "payment request forms." Am. Compl. at 3-5. Plaintiff identifies Rensselaer County as a "business for profit who shares 42 U.S.C. §658a profits from § 658 through § 654(22) sharing from this partnership with the federal instrumentality hereafter the DCSE partner that is also contractually involved with IV-D operations." *Id.* at 6. Plaintiff suggests that defendant is being enriched by his child support payments, appearing to imply a conspiratorial idea that the child support payments were not actually going to help his child.

Arguments mirroring or tangential to those plaintiff herein raises – relating to the garnishment of wages, tax returns, or benefits for child support payments – and arguing that child support violates one's constitutional rights, have been soundly rejected by districts in this Circuit, including this one. *See, e.g.*, *Bowman v. Morris*, No. 8:19-CV-97 (BKS/DJS), 2019 WL 5150196, at *1 (N.D.N.Y. Apr. 10, 2019), *report and recommendation adopted*, No. 8:19-CV-00097 (BKS/DJS), 2019 WL 3759174 (N.D.N.Y. Aug. 9, 2019); *Milan of Family Hall v. Stack,* No. 8:23-CV-14 (LEK/CFH), 2023 WL 8005317 (N.D.N.Y. Nov. 17, 2023); *Lions v. New York State Off. of Child Support Enf't,* No. 1:24-CV-7181-GHW, 2025 WL 81421, at *6 (S.D.N.Y. Jan. 10, 2025); *John of the*

*Fam. Springer v. Stack*, No. 24-CV-6672 (LTS), 2025 WL 1115022, at *2 (S.D.N.Y. Apr. 14, 2025) ("This action concerns Plaintiff's disagreement with a $35 assessment, presumably imposed by OTDA, pursuant to Title IX-D of the Social Security Act"); *Smith v. Stack*, No. 1:23-CV-9451 (LTS), 2024 WL 54292, at *8 (S.D.N.Y. Jan. 2, 2024). For the reasons discussed *infra*, the undersigned recommends similarly rejecting plaintiff's similarly baseless arguments.

1. **Title IV-D**

Plaintiff construes Title IV-D of the Social Security Act and the *Blessing* case discussing IV-D as concluding that child support was not intended to benefit individual children and custodial parents. *See* Am. Compl. at 3. However, plaintiff's interpretation is skewed. In *Blessing v. Freestone*, 520 U.S. 329, 340 (1997), "five mothers due child support payments brought a section 1983 suit claiming they had the right to have the State of Arizona substantially comply with the federal mandate regarding its child-support enforcement programs, especially as it relates to support payments." *Bowman*, 2019 WL 5150196, at *3. The Supreme Court of the United States held that the custodial parent could not "by force of her own authority, command the State to take any particular action to provide any services to certain individuals" as the IV-D program did not create "an individual entitlement to services"; rather, the statute "is simply a yardstick for the Secretary to measure the systemwide performance of the State's Title IV-D program." 520 U.S. at 343-44. Thus, rather than stating that the custodial parent or child is not entitled to child support payments from the noncustodial parent, *Blessing* merely held that the IV-D of the Social Security Act does not provide "a private right of action to sue [state officials] for their allegedly incorrect enforcement of Title IV-D." To

the extent plaintiff may be seeking to proceed pursuant to Title IV-D "any such claim should be dismissed because the statute does not give rise to a private right of action." *Muchita v. Stack*, No. 1:25-CV-00285 (VSB) (SDA), 2026 WL 884775, at *6 (S.D.N.Y. Jan. 23, 2026), *report and recommendation adopted sub nom. Kejuan of Fam. Stack Mujita v. Eileen Stack Through IV-D Agency*, No. 25-CV-285 (VSB) (SDA), 2026 WL 881271 (S.D.N.Y. Mar. 31, 2026) (citing *Lions*, 2025 WL 81421, at *8; *Smith*, 2024 WL 54292, at *7 ("Title IV-D contains no private remedy – either judicial or administrative – through which aggrieved persons can seek redress.")).

Here, plaintiff "does not allege that the State of New York did not create such guidelines [pursuant to 42 U.S.C. § 667] or that the support order applied to him does not in fact fall within those guidelines . . . ." *Bowman*, 2019 WL 5150196, at *4 (N.D.N.Y. Apr. 10, 2019); rather, he argues that child support payments were not intended to benefit the child, suggesting instead that child support is for-profit program intended to benefit the County and/or the IV-D agency. Accordingly, insofar as plaintiff seeks to proceed under Title IV-D, or argue that the existence or enforcement of violates any constitutional right or federal law, such claim fails.[14]

2. **15 U.S.C. § 1692(j)**

---

[14] In the damages portion of his complaint, plaintiff refers to the "officious intermeddler doctrine." Am. Compl. at 5, *see also id.* at 4. However, the officious intermeddler doctrine, involving contracts and unjust enrichment, has no relevance to his claim. "Under the officious intermeddler doctrine, a person who voluntarily confers a benefit upon another is generally precluded from obtaining restitution." *See, e.g.*, *SBRMCOA, LLC v. Beachside Assocs., LLC*, 78 V.I. 846, 852, 2024 VI 10 (2024) (citing *Tipper v. Great Lakes Chem. Co.*, 281 So.2d 10, 13 (Fla. 1973)). To the extent plaintiff is suggesting defendant has been unjustly enriched, this goes to plaintiff's unsupported claims that his child support payments or garnishments of payments in arrears benefit, not his child or the custodial parent, but the County. As such claim is meritless, so is his passing reference to this doctrine.

Next, under "Count 3: Rensselaer County Furnished Deceptive Forms," plaintiff alleges that defendant illegally garnished his wages in violation of 15 U.S.C. § 1692(j).[15] Am. Compl. at 4. As a threshold point, plaintiff's claim herein does not meet Rule 8's requirements as he provides almost no facts in support of the claim. *See id.* Regardless, 15 U.S.C. § 1962(j) is irrelevant to this case. "Section 1692j(a) only applies to situations where a third party provides a creditor with dunning letters.'" *Murray v. Capio Partners*, No. CV 23-842, 2023 WL 4956443, at *5 (W.D. Pa. Aug. 3, 2023) (quoting *Anthes v. Transworld Sys., Inc.*, 765 F. Supp. 162, 168 (D. Del. 1991)). There is no third party in this case. Accordingly, insofar as plaintiff either seeks to (1) proceed under this statute, (2) argue that defendant violated this statute, or (3) argue that such violation impacts any of his constitutional rights, such claim must fail.

3. **42 U.S.C. § 1983**

As noted, plaintiff argues that defendant violated his First Amendment right "not to associate with the IV-D agency or its contractors" or "participate in a federally funded program." Am. Compl. at 4. Plaintiff contends that defendant violated his Fourth Amendment rights because he was compelled to participate in a "federally funded program against his will" and insofar as he was subjected to "searches and seizures" as defendant used his social security number to ascertain his identity. *Id.* He argues that Rensselaer County violated the Fifth Amendment because using his social security number to identify him was "incriminating by operation of law" and "circumvented all rights against self in crimination without due process of law." *Id.* Plaintiff asserts that

---

[15] "(a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." 15 U.S.C.A. § 1692j.

defendants violated the Thirteenth Amendment because the garnishment of his wages or benefits for child support amounts to forced labor akin to slavery. *See id.* at 5.

As plaintiff's § 1983 claims are based on the faulty premises that defendant wrongly used his social security number to identify him and required him to pay child support and/or garnished his wages or benefits for child support that did not benefit his (or any other) child, his First, Fourth, Fifth, and Thirteenth Amendment claims lack merit. Significantly, insofar as plaintiff argues that he is entitled to a return of past child support payments that have been garnished, seeks a declaration that child support does not benefit the child, asks this Court to terminate his support payments, seeks that this Court require the County to "advertise" that it is "sell[ing] IV-D services," Am. Compl. at 5, and explicitly challenges the validity of the fact that he has been ordered to pay child support, he effectively seeks review of child support payments, which is barred by *Rooker-Feldman*. "Where a plaintiff challenges 'the validity or enforcement of [a] child support order itself,' the *Rooker-Feldman* doctrine bars such a claim." *Muchita v. Stack*, No. 1:25-CV-00285 (VSB) (SDA), 2026 WL 884775, at *4 (S.D.N.Y. Jan. 23, 2026), *report and recommendation adopted sub nom. Kejuan of Fam. Stack Mujita v. Eileen Stack Through IV-D Agency*, No. 25-CV-285 (VSB) (SDA), 2026 WL 881271 (S.D.N.Y. Mar. 31, 2026) (quoting *John of the Fam. Springer*, 2025 WL 1115022, at *3 (quoting *Sykes*, 723 F.3d at 404)). "Even where a plaintiff argues that his constitutional rights were violated with respect to the state court proceedings regarding a child support order, the *Rooker-Feldman* doctrine applies." *Id.* (citing *Remy v. New York State Dep't of Tax. and Fin.*, 507 F. Appx. 16, 18 (2d Cir. 2013) (summary order)). Accordingly,

plaintiff's section 1983 claims and related relief must be dismissed as barred by *Rooker-Feldman*

Finally, as plaintiff seeks to overturn a child support decision from a family court, under the Domestic Relations Abstention Doctrine, "federal courts lack jurisdiction to hear that claim, and it should be dismissed."[16] *Bowman*, 2019 WL 5150196, at *5.[17] "The domestic relations abstention doctrine can apply even where the plaintiff 'style[d] some of [the] claims as raising constitutional issues, but the allegations stem from a state domestic relations matter . . . .'" *Haynie v. New York State Child Support Enf't Agency*, No. 1:25-CV-306 (MAD/TWD), 2025 WL 2205987, at *2 (N.D.N.Y. Aug. 4, 2025), *appeal dismissed* (Nov. 20, 2025) (quoting *Guichardo v. Barraza,* No. 16-CV-1222, 2016 WL 3541547, *3 (E.D.N.Y. June 23, 2016)). Plaintiff's claims relating to the validity of the orders of child support and of child support as a whole, as well as his requests for his payments to be stopped and past payments refunded, are alternatively barred by the Domestic Relations abstention doctrine.

4. **31 U.S.C. § 3729(a)**

Plaintiff contends that defendant violated the False Claims Act by placing "false" information about child support services on the county website. First, as will be explained below, plaintiff's contentions about child support are incorrect and based on a

---

[16] Finally, as plaintiff as named a municipality as defendant, plaintiff cites to *Monell,* contending he brings his action against the County "for its policies, customs, and/or practices under Monell and its progeny," Am. Comp. at 1, he does not identify the specific policy, custom, or widespread practice pursuant to which his constitutional rights were allegedly violated. However, as any amendment would be futile, the undersigned does not recommend that plaintiff be afforded an opportunity to amend to attempt to plead his case in terms required under *Monell*.

[17] Plaintiff did not argue that "there is 'an obstacle that prevents him from receiving a full and fair determination of those issues in the state courts.'" *Haynie v. New York State Child Support Enf't Agency*, No. 1:25-CV-306 (MAD/TWD), 2025 WL 2205987, at *2 (N.D.N.Y. Aug. 4, 2025), *appeal dismissed* (Nov. 20, 2025) (quoting *Ganiyu v. Lopez*, No. 1:19-CV-11605, 2020 WL 1467356, *3 (S.D.N.Y. Mar. 25, 2020)).

misunderstanding. Second, despite citing the False Claims Act, plaintiff does not purport to bring the action on behalf of the United States as a qui tam relator under the False Claims Act. However, even if he had so characterized his claim, such a claim would be improper. Plaintiff cannot avoid the *Rooker-Feldman* bar by couching his claims in this manner. *See, e.g.*, *Richardson v. Title IV-D Agency*, 842 F. App'x 190 (10th Cir. 2021) (dismissing claim purported to be brought on behalf of the United States as a qui tam relator under the False Claims Act, finding the Court lacked subject matter jurisdiction due to *Rooker-Feldman* and rejecting plaintiff's argument "that *Rooker-Feldman* does not bar his claims because defendant used fraud to procure a void judgment [order of support in Family Court]").[18] Accordingly, to the extent plaintiff seeks to bring a claim under the False Claims Act, such claim must fail.

### 5. **15 U.S.C. § 52(a)**

As noted, plaintiff suggests that defendant's "advertising" of "child support services" violates 15 U.S.C. § 52(a). 15 U.S.C. § 52(a) provides

> it shall be unlawful for any person, partnership, or corporation to disseminate, or cause to be disseminated, any false advertisement (1) By United States mails, or in having an effect upon commerce, by any means, for the purpose of inducing, or which is likely to induce, directly or indirectly the purchase of food, drugs, devices, services, or cosmetics; or (2) By any means, for the purpose of inducing, or which is likely to induce, directly or indirectly, the purchase in or having an effect upon commerce, of food, drugs, devices, services, or cosmetics.

First, despite referring to the paying and recoupment of child support as "child support services," plaintiff fails to demonstrate both (1) that the information on the

[18] *See generally Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 504-05 (S.D.N.Y. 2016) ("But the Second Circuit has 'never recognized a blanket fraud exception to *Rooker Feldman*.'" (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002)).

County website is a sale of a service, and (2) that statements about child support amounts to "advertising" falling within the scope of this statute. Second, there exists no private right of action for a violation of 15 U.S.C. § 52(a). *See Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 1002 (D.C. Cir. 1973) ("To imply a private right of action to enforce the Federal Trade Commission Act–however desirable or logical this might appear in the abstract–would be contrary to the legislative design which we discern to have been deliberately wrought."); *Freedman v. Meldy's, Inc.*, 587 F. Supp. 658, 659 (E.D. Pa. 1984) ("The courts have almost uniformally (sic) rejected the argument that there is an implied right of action under the FTCA.") (citing cases). Third, the Federal Trade Commission has the exclusive ability to investigate or enforce violations. *See* 15 U.S.C. § 53 ("The Commission by any of its attorneys designated by it for such purpose may bring suit in a district court of the United States or in the United States court of any Territory, to enjoin the dissemination or the causing of the dissemination of such advertisement."). Thus, insofar as plaintiff seeks to recover from an alleged violation of this statute, through this action, such claim must fail.[19]

## IV. **Conclusion**

Leave to amend a complaint should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (cleaned up). "Leave to amend, though liberally granted, may properly be denied" for "'repeated failure to cure deficiencies by amendments previously allowed'" or "'futility of amendment,'" among other reasons. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir.

---

[19] Similarly, insofar as plaintiff may be arguing that an alleged violation of this statute amounted to a violation of his constitutional rights, such claim must also fail for the same reasons set forth above.

2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). “Courts have held that amendment would be futile where dismissal is based on abstention.” *Hirsch v. Kairey*, No. 22-CV-6716, 2023 WL 4902749, *5 (E.D.N.Y. Aug. 1, 2023) (“Because Younger and the domestic relations abstention doctrine preclude this Court’s exercise of jurisdiction, any attempt to amend the complaint would be futile”); *Smith*, 2026 WL 1284104, at *11. As the defects in the amended complaint cannot be cured with an amendment, the undersigned declines to recommend plaintiff be afforded leave to amend. *See, e.g.*, *John of the Fam. Springer*, 2025 WL 1115022, at *4 (dismissing similar claims without leave to amend due to futility); *Muchita*, 2026 WL 884775, at *7 (denying leave to amend when claims barred by *Rooker-Feldman* and domestic relations abstention doctrines); *Bonsignore v. New York State Dep’t of Tax. and Fin., et al.*, No. 25 CIV. 6324 (VSB) (GS), 2026 WL 2719076, at *13 (S.D.N.Y. July 21, 2026), r*eport and recommendation adopted sub nom. Bonsignore v. New York State Dep’t of Finance, et al.*, 2026 WL 2676898 (Sept. 11, 2026) (dismissing without leave to amend complaint where the plaintiff sought review of a family court order, though couched in constitutional terms, finding it barred by *Rooker-Feldman*, rendering amendment futile).

Wherefore, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff’s in forma pauperis application, dkt. no. 2, is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff’s amended complaint, dkt. no. 5, be **DISMISSED** as follows: (1) plaintiff’s claims pursuant to 42 U.S.C. §1983 be dismissed without prejudice and without leave to amend due to lack of subject matter jurisdiction, and (2) plaintiff’s claims purportedly pursuant to 15 U.S.C. § 52(a), 31 U.S.C. § 3729, 15 U.S.C.

§ 1692(j), and Title IV- of the Social Security Act be dismissed for failure to state a claim; and it is

**RECOMMENDED**, that the Clerk be respectfully directed to update the caption of this case to reflect that the named defendant is Rensselaer County and terminate Eileen Stack and Frank J. Bisignano as defendants; and it is

**ORDERED**, that the Clerk serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. *See Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.[20]

Dated: October 15, 2026
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

[20] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal federal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal federal holiday. *See id.* § 6(a)(1)(c).